## STATEMENT OF FACTS

I am a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (thereinafter, "ATF") assigned to the Strategic Task Force Interdicting Narcotics and Guns Initiative. I make this affidavit in support of a criminal complaint because there is probable cause to believe that Marvin BOWDEN committed a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) in the District of Columbia.

This affidavit is submitted for the limited purpose of establishing probable cause and does not contain all facts known to me or to other investigators involved in this matter.

On or about ▮▮▮▮▮▮▮, a joint law enforcement investigation was initiated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Drug Enforcement Administration ("DEA"), the Arlington County Police Department ("ACPD"), and the Metropolitan Police Department ("MPD") into the activities of Marvin BOWDEN (thereinafter, "BOWDEN").

On ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, a United States magistrate judge, issued a federal search warrant, number ▮▮▮▮. The warrant authorized the search of BOWDEN's person; his residence located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "TARGET LOCATION"); his vehicle, a ▮▮▮▮▮ bearing ▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮ (the "TARGET VEHICLE"); and two cellular devices attributed to BOWDEN.

On ▮▮▮▮▮▮, law enforcement officers executed the warrant and conducted searches of BOWDEN, the Target Location, and the Target Vehicle.

On ▮▮▮▮▮▮, at approximately ▮▮▮▮ ATF personnel located BOWDEN as he departed an after-hours nightclub in the area of ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Detective ▮▮▮▮▮▮▮▮▮▮ a Task Force Officer assigned to the ATF's Strategic Task Force Interdicting Narcotics and Guns Initiative, observed BOWDEN enter the driver's seat of the TARGET VEHICLE and begin traveling southbound on ▮▮▮▮▮▮▮▮▮ While traveling southbound, BOWDEN repeatedly failed to maintain his lane of travel, crossing over the center line into the lane designated for opposing traffic. After briefly stopping at the intersection of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ BOWDEN's vehicle again veered completely across the center line and fully into the opposing lane of traffic. BOWDEN subsequently continued driving westbound on ▮▮▮▮▮▮ ▮, northbound on ▮▮▮▮▮▮, and westbound on ▮▮▮▮▮▮▮. Upon reaching the intersection of ▮▮▮▮▮▮ and ▮▮▮▮▮▮▮, BOWDEN stopped the TARGET VEHICLE along the right curb and exited from the driver's side door. Based on BOWDEN's erratic driving behavior and concern for public safety, agents approached BOWDEN, identified themselves as law enforcement officers, and detained him.

A subsequent search of BOWDEN's person, conducted pursuant to the execution of the search warrant, revealed the following items:

Recovered from BOWDEN's right breast jacket pocket were fifteen (15) small purple baggies containing a white rock-like substance, consistent in appearance with crack cocaine, packaged inside a glassine baggie, as well as twelve (12) green capsules containing an off-white powdery substance, also packaged inside a glassine baggie.

Detective ▌▌▌▌▌ subsequently conducted a field test on a representative sample of the white rock-like substance, which yielded a presumptive positive result for the presence of cocaine. The combined weight of the suspected crack cocaine contained within the purple baggies was approximately 10.7 grams. Detective ▌▌▌▌ also conducted a field test on a representative sample of the off-white powdery substance contained within the green capsules, which yielded a presumptive positive result for the presence of fentanyl. The combined weight of the suspected fentanyl contained within the green capsules was approximately 6.8 grams.

Based on your Affiant's training, knowledge, and experience, the quantity of the suspected crack cocaine and suspected fentanyl recovered from BOWDEN, in combination with the manner in which the narcotics were packaged, is inconsistent with personal use and is instead consistent with possession with intent to distribute.

Depicted below are the purple baggies containing suspected crack cocaine and the green capsules containing suspected fentanyl recovered from BOWDEN's jacket pocket.



On ████████, at approximately ██████ ATF, DEA, and ACPD personnel executed the search warrant at the TARGET LOCATION. A search of the TARGET LOCATION resulted in the recovery of a large quantity of packaging materials, digital scales, and other items commonly used in the preparation and packaging of narcotics for distribution. Law enforcement personnel also recovered multiple quantities of suspected cocaine, crack cocaine, and fentanyl. The following is a summary of the evidence recovered from the TARGET LOCATION.

Recovered from a coffee table located in the living room area of the TARGET LOCATION were two "cookies" of a white rock-like substance, consistent in appearance with crack cocaine, next to a baggie containing a large quantity of small purple glassine baggies consistent with the purple baggies containing suspected crack cocaine recovered from BOWDEN's person. Law enforcement also recovered two digital scales, a hammer commonly used to break crack cocaine "cookies" into smaller quantities for distribution, and a straw commonly used to assist in transferring smaller quantities of crack cocaine into baggies for street-level sales. Additionally, investigators recovered a shoebox containing twenty-seven (27) green capsules filled with an off-white powdery substance, along with assorted small glassine baggies and U.S. currency.

Detective ████████ conducted a field test on a representative sample of the off-white powdery substance contained within the twenty-seven (27) green capsules, which yielded a presumptive positive result for the presence of fentanyl. The combined weight of the suspected fentanyl contained within the green capsules was approximately 13.1 grams. Detective ████████ also conducted a field test on a

representative sample of the white rock-like substance "cookies," which yielded a presumptive positive result for the presence of cocaine. The combined weight of the suspected crack cocaine "cookies" was 195 grams.

Depicted below are the suspected crack cocaine "cookies," hammer, digital scales, baggies, and other assorted items indicative of narcotics packaging and distribution recovered from the coffee table within the TARGET LOCATION.



Recovered from the top of a wicker basket located next to the coffee table was a dinner plate containing approximately 3.1 grams of a broken white rock-like substance consistent in appearance with crack cocaine. Law enforcement also recovered a razor blade, commonly used to cut crack cocaine into smaller quantities for distribution. Detective ███████████ also conducted a field test on a representative

sample of the white rock-like substance found on the dinner plate which yielded a presumptive positive result for the presence of cocaine.

Depicted below are the dinner plate, razor blade, and approximately 3.1 grams of suspected crack cocaine recovered from the TARGET LOCATION.



Also recovered from the TARGET LOCATION, specifically from the pocket of a pair of men's pants located in the living room area, were one (1) yellow capsule and three (3) green capsules containing an off-white powdery substance. Detective ████████ subsequently conducted a field test on a representative sample of the off-white powdery substance contained within the four (4) capsules, which yielded a presumptive positive result for the presence of fentanyl. The combined weight of the suspected fentanyl contained within the capsules was approximately 3.5 grams.

Recovered from the pocket of a men's jacket located in the living room area of the TARGET LOCATION was a glassine baggie containing approximately 29.4 grams of a compressed white powdery substance. Detective ███████ subsequently conducted a field test on a representative sample of the white powdery substance, which yielded a presumptive positive result for the presence of cocaine.

Pursuant to the searches of BOWDEN and the TARGET LOCATION, law enforcement recovered the following approximate quantities of suspected narcotics:

- Suspected Crack Cocaine or Cocaine Base: 208.8 grams

- Suspected Fentanyl: 23.4 grams

- Suspected Cocaine: 29.4 grams

Based on your Affiant's training, knowledge, and experience, the quantity of the suspected narcotics and the packaging material recovered from the TARGET LOCATION is consistent with possession with intent to distribute.

Additionally, law enforcement observed a substantial quantity of personal belongings, mail matter, and legal documents bearing BOWDEN's name throughout the TARGET LOCATION. Law enforcement also reviewed the lease agreement associated with the TARGET LOCATION, which confirmed that the residence is leased to BOWDEN.

A criminal history records check revealed that BOWDEN is a convicted felon, having previously been convicted of offenses punishable by imprisonment for a term exceeding one year, including the following convictions:

On ███████████, BOWDEN was convicted in the ███████████ ███████████████████ of violations of 21 U.S.C. § 846: Conspiracy to

Possess with the Intent to Distribute Cocaine; and 18 U.S.C. § 924(o): Conspiracy to Use and Carry a Firearm in Furtherance of a Drug Trafficking Crime and During and in Relation to a Crime of Violence, case number ████████, and received ████

████████████████████████████████████████████

Based on the facts set forth in this affidavit, there is probable cause to believe that, on or about ██████████████████████████████, the defendant, Marvin BOWDEN, knowingly and intentionally possessed with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii); a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in. violation of 21 U.S.C. § 841(a)(1); and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in. violation of 21 U.S.C. § 841(a)(1).

_____
Matthew Nasen
Special Agent
Bureau Of Alcohol, Tobacco, Firearms and Explosives

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on May 11, 2026.*

_____
THE HONORABLE ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE